UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: COTTONWOOD CORNERS PHASE V, LLC

Debtor.  Case No. 11-12663-j11

---

JEFFERSON PILOT INVESTMENTS, INC.

    Plaintiff,

v.  Adversary No. 12-1237 J

COTTONWOOD CORNERS PHASE V, LLC

    Defendant

## MEMORANDUM OPINION

This matter came before the Court on the Defendant's Motion for Abstention filed August 14, 2012 (the "Motion for Abstention") (Docket No. 4). After consideration of the Motion for Abstention, the response filed by Plaintiff Jefferson-Pilot Investments, Inc. ("JPI"), and Defendant's reply, and being otherwise sufficiently informed, the Court concludes that the Motion for Abstention should be granted insofar as it seeks abstention under 28 U.S.C. § 1334(c)(1).

BACKGROUND

Prior to the commencement of Cottonwood Corners Phase V, LLC ("Cottonwood")'s Chapter 11 case on June 8, 2011 (the "Bankruptcy Case"), JPI commenced an action to foreclose its lien against Cottonwood's interest in real property located at 10490 Coors Boulevard Bypass Northwest, Albuquerque, New Mexico (the "Real Estate") in the Second Judicial District Court for Bernalillo County, New Mexico. *See* Case No. D-202-CV-2010-08639 (the "State Court Action"). The commencement of the Bankruptcy Case stayed the State Court Action. By an order entered on May 18, 2012 (Bankruptcy Case, Docket No. 53),

this Court modified the automatic stay to permit JPI to pursue all its remedies against Cottonwood, including prosecution of the State Court Action to completion.

On October 23, 2012, pursuant to the terms of an order entered August 14, 2012, this Court dismissed the Bankruptcy Case. *See* Order On Motion to Dismiss or Convert and Order Dismissing Chapter 11 Case, Bankruptcy Case (Docket Nos. 181 and 188).

Prior to dismissal of the Bankruptcy Case, JPI commenced this adversary proceeding on July 10, 2012. In this adversary proceeding, JPI seeks a determination that its claim is secured by: (i) the Real Estate; and (ii) Cottonwood's claims against Circuit City's bankruptcy estate and the proceeds thereof. *See* Complaint, Docket No. 1. JPI also seeks a determination of the value of its collateral and the extent of any deficiency claim. *Id*. JPI alleges that Cottonwood filed a general unsecured claim against Circuit City's bankruptcy estate for rejection damages under 11 U.S.C. §502(b)(6) in the amount of $892,465.98 (the "Circuit City Claim"). *Id*. at ¶ 18. JPI further alleges that the Circuit City Claim is based on unpaid rents and that JPI has a lien against or other interest in the Circuit City Claim, and proceeds thereof, based on an assignment of rents. *Id*. at ¶¶ 18, 26.

No discovery has taken place in this adversary proceeding, the Court has not yet fixed any pretrial deadlines, and the Court has made no rulings prior to issuance of this opinion.

DISCUSSION

Cottonwood contends that this Court must abstain from hearing this adversary proceeding based on the doctrine of mandatory abstention. Alternatively, Cottonwood requests abstention under the doctrine of permissive abstention. The Court will address mandatory and permissive abstention separately.

<u>Whether the Court Must Abstain Under the Doctrine of Mandatory Abstention</u>

Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding upon a State law claim or State law cause of action related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

Mandatory abstention applies only to non-core proceedings. *Bricker v. Martin*, 348 B.R. 28, 33 (W.D.Pa.2006), *aff'd,* 265 Fed.Appx. 141 (3rd Cir. 2008). Once the Court has determined that a proceeding falls within the bankruptcy court's non-core, "related-to" jurisdiction, the Court must abstain provided the remaining elements under 28 U.S.C. § 1334(c)(2) have been met. Those elements are: 1) the motion for abstention must be timely filed; 2) the matter must be based on a state law claim or cause of action; 3) the action can be timely adjudicated in state court; and 4) there is no independent source of federal jurisdiction that would have permitted the plaintiff to commence the action in federal court in the absence of the bankruptcy. *In re Mobile Tool Int'l*, 320 B.R. 552, 556 (Bankr.D.Del.2005). All elements must be satisfied in order to grant a party's request for mandatory abstention. *Id.* Here, the fourth element has not been satisfied.

JPI alleges that JPI is a corporation organized under the laws of the State of North Carolina with its principal place of business in Greensboro, North Carolina, and that Cottonwood is a New Mexico limited liability company. Complaint, ¶¶ 2-3. Although JPI does not allege the states of citizenship of the members of Cottonwood, which may be relevant to whether a federal court may exercise diversity jurisdiction[1], Cottonwood concedes

---

[1] Many courts have held that a limited liability company, like a partnership, is a citizen of every state in which its members are citizens. *See, e.g., Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir.2006)(noting that "every circuit to consider this issue has held that the citizenship of a

-3-

that a federal court would have diversity jurisdiction over the claims asserted in this adversary proceeding. Motion for Abstention, Docket No. 4, ¶ 4. The concession that there is an independent source of federal jurisdiction which would have permitted the Plaintiff to assert its claims in federal court in the absence of the Bankruptcy Case is fatal to Cottonwood's mandatory abstention claim. The Court therefore need not address the other requirements for mandatory abstention.

Whether the Court Will Abstain Under the Doctrine of Permissive Abstention

Even where mandatory abstention under 28 U.S.C. § 1334(c)(2) is inapplicable, the bankruptcy court may abstain from both core and non-core matters when abstention best serves the interest of justice, judicial economy, or comity with the state courts. *See In re Telluride Income Growth, L.P.,* 364 B.R. 390, 398 (10th Cir. BAP 2007)("Section 1334(c)(1) permits abstention from core matters and non-core matters when it is in the 'interest of justice,' judicial economy, or respect for state law."); *Beneficial Nat'l Bank USA v. Best Receptions Systems, Inc. (In re Best Reception Systems, Inc.)*, 220 B.R. 932, 952 (Bankr. E.D. Tenn.1998)("[P]ermissive abstention applies to both non-core related and core proceedings.")(*citing Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir.1996)(remaining citations omitted)).

Permissive abstention is governed by 28 U.S.C. § 1334(c)(1), which provides, in relevant part:

---

limited liability company is determined by the citizenship of all of its members.")(citations omitted); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir.2000); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir.2004); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir.2004); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.2004)(per curiam).

-4-

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

Generally, the following factors are relevant to a court's consideration of whether to exercise discretion to abstain under 28 U.S.C. § 1334(c)(1):

> (1) the effect that abstention would have on the efficient administration of [the] bankruptcy estate; (2) the extent to which state law issues predominate; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the federal jurisdictional basis of the proceeding; (6) the degree of relatedness of the proceeding to the main bankruptcy case; (7) the substance of the asserted "core" proceeding; (8) the feasibility of severing the state law claims; (9) the burden the proceeding places on the bankruptcy court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of parties; (11) the existence of a right to jury trial; and (12) the presence of nondebtor parties in the proceeding.

*In re Commercial Fin. Servs., Inc.*, 251 B.R. 414, 429 (Bankr.N.D.Okla.2000)(noting that this "well-worn list of factors . . . was originally established *in Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc., (In re Republic Reader's Service, Inc.)*, 81 B.R. 422, 428–29 (Bankr.S.D.Tex.1987)").

When the underlying bankruptcy case is dismissed, the bankruptcy court in the exercise of sound discretion may retain jurisdiction over pending core and noncore proceedings.[2] However, when the Court considers permissive abstention *after* dismissal of the related bankruptcy case, the permissive abstention analysis shifts. After dismissal of the bankruptcy case, the factors governing abstention are (1) enforcement of bankruptcy policies, (2) judicial economy, (3) convenience to the parties, (4) fairness, and (5) comity. *See In re*

---

[2] Regarding the effect of dismissal on pending core proceedings, *see In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009). Regarding the effect of dismissal on pending non-core proceedings, *see Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 162-63 (2nd Cir.1995)(although related proceedings ordinarily should be dismissed following dismissal of the underlying bankruptcy, in the exercise of sound discretion the bankruptcy may retain jurisdiction); *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201 (5th Cir.1993)(same); *Fidelity & Deposit Co. of Maryland v. Morris (In re Morris)*, 950 F.2d 1531, 1534 (11th Cir.1992) )(same); *Smith v. Commercial Banking Corp. (In re Smith)*, 866 F.2d 576, 580 (3th Cir.1989)(same).

-5-

*Johnson*, 575 F.3d at 1083-1084 (discussing retention of jurisdiction following dismissal of the bankruptcy case to enforce bankruptcy policies); *Porges v. Gruntal & Co., Inc. (In re Porges)*, 44 F.3d 159, 163 (2d Cir.1995)(discussing the other factors).

Here, each of the factors relevant to post-dismissal abstention weighs in favor of permissive abstention. First, this Court need not determine the claims in this adversary proceeding in order to vindicate a bankruptcy policy. The only bankruptcy issue implicated in this adversary proceeding relates to whether JPI has a lien against or other interest in Cottonwood's claim in Circuit City's bankruptcy case and/or the proceeds thereof.[3] Resolution of this issue requires application of both state lien law and bankruptcy law, including 11 U.S.C. § 506(b)(1). However, the bankruptcy aspect of this issue arose and exists independently of Cottonwood's Bankruptcy Case. A state court would have adjudicated the lien issue had Cottonwood not commenced a bankruptcy case.

Further, adjudication of the lien issue by this Court does not promote judicial economy, lessen any inconvenience to the parties in connection with adjudication of their disputes, or create any unfairness. Adjudication of the issue in the State Court Action will not result in added expense to the parties, duplication of discovery, or extra work for a court. This adversary proceeding was commenced only a few months ago. No discovery has been taken in this adversary proceeding, and no pretrial deadlines have been fixed. This Court has made no decisions in this adversary proceeding, and has expressed no views or made any comments on the merits of the dispute. The forums are equally convenient because the state court and the bankruptcy court are located in the same city.

---

[3] JPI also seeks a determination of the value of its collateral to fix the amount of its secured and unsecured claims in the Bankruptcy Case. Dismissal of the bankruptcy case has rendered that issue moot.

Finally, comity considerations favor abstention.[4] The lien issue, although it involves application of bankruptcy law, ultimately is an issue of state law because it requires the court to interpret the scope of the assignment of rents. Moreover, resolution of that issue has no connection with the commencement of the Bankruptcy Case, nor does it relate to anything that transpired while the Bankruptcy Case was pending in this Court. In fact, as stated above, the issue existed *prior* to the commencement of the Bankruptcy Case.

Based on the foregoing, the Court concludes that the Motion for Abstention should be granted and this adversary proceeding shall be dismissed without prejudice. An order consistent with this Memorandum Opinion will be entered.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: November 26, 2012

COPY TO:

Faye B. Feinstein
Lauren Nicole Nachinson
Attorneys for Plaintiff
300 N LaSalle St, Suite 4000
Chicago, IL 60654

Daniel J. Behles
Attorney for Defendant
PO Box 7459
Albuquerque, NM 87104

William R Keleher
Attorney for Plaintiff
PO Box 2168
Albuquerque, NM 87103-2168

---

[4] In the context of abstention, "comity" is defined as "proper respect for state functions, a recognition . . . that the entire country is made up of a Union of separate state governments, and a . . . belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).